The opinion of the Court was delivered by
Bermudez, C. J.
This is an hypothecary action by emancipated minors, against the defendants, to subject the property described in tlie petition to tlie legal mortgage, which the plaintiffs claim to have had against tlieir father and alleged tutor, when the same passed from him. The defendants resist the suit first, on preliminary grounds; and next, on general and special defenses. From a judgment rejecting tlieir demand, the plaintiffs have appealed.
On the trial of tlie merits, the plaintiffs offered to prove the liquidation of their rights against their father, by a copy of the judgment rendered against his testamentary executor. Tlie defendants objected to the introduction of this evidence, on the grounds, that the whole record in which the judgment was rendered, should be offered and introduced at tlie same time, and that even then, it should be barren of effect as against them, unless the consideration thereof be proved contradictorily with them, inasmuch as they had denied the debt and the mortgage, and bad charged fraud and collusion.
To the overruling of the objections and to the. admission of the copy, the defendants excepted.
Tlie District Judge should have excluded the proof offered.
It is established by a long line of precedents, that it is an essential condition jirecedent, for the bringing of an hypothecary action by a minor to enforce bis mortgage rights, that he should have previously obtained a judicial liquidation of the same; the judgment therefor *986 rendered to serve as the foundation of the suit. J2 An. 361; 29 An. 530 ; 7 R. 15; 6 R. 51 ; 13 An. 508 ; 19 An. 363; 15 L. 59. It was to establish this adjustment of the claims of plaintiffs against their father, that a copy of the judgment alleged by them was offered and admitted.
It is not accompanied by the judicial proceeding's or record in which it was rendered, wdiich it was necessary, at the same time, to have produced.
The rule is well established, both at common law and in our own system, that mutilated records cannot be accepted, to prove an adjudication on a subject matter, more particularly, when such adjudication is the basis of the action.
Says G-reenleaf, I, § 511 : “ The general rule is, that where a party intends to avail himself of a decree as an adjudication, upon a subject matter, and not merely to prove collaterally that the decree was made, he was to show the proceedings upon which the decree was founded.”
“ The whole record,” says Chief Baron Comyns, “ which concerns the matter in question, ought to be produced.” 4 Com. Dig., Tit. Ev. A. 4; see also 2 Philips’ Evid. 138, 139.
This doctrine was formally incorporated in our system, as far back as 8 N. S. 382.
In the Brown case, 3 An. 594, the Court endorsed the principle announced by Greenleaf; see also 2 An. 886; 19 L. 526; 30 An. 29, which are in the same sense.
The philosophy of the law is, that in such cases, the production of the proceedings is necessary to show that the judgment was regularly obtained, after citation, default, or appearance, upon evidence and not on confession, as otherwise, as to third persons at least, the judgment may be either a nullity, or such as cannot be considered even as prima facie. 3 An. 174 : 5 An. 715; II. D. p. 588, (3); 34 An. 31; 2 An. 544, 885.
Particularly should the proceedings be adduced when such third parties, not connected with the suit in which the judgment was rendered, have seriously charged .that it was obtained by fraud and collusion. It must seem that, under such circumstances, the parties relying on such judgmeut should not only not hesitate, but promptly exhibit the entire record for examination and scrutiny.
This view of the matter dispenses us from considering other bills of exception taken by the defendants.
We have carefully read the petition and the supplemental petition, as well as the exceptions filed thereto by the defendants, and are not satisfied that the plaintiffs have presented their pretensions with the clearness, precision and fulness which the law demands in such cases, in order to apprise the defendants, (who are third possessors sought to *987 be held liable under a mortgage, at best, tacit, -when they purchased,) of the real and certain foundations upon which the plaintiffs predicate their claims. We say this merely to justify our decree, which, practically, will require a better statement of the plaintiffs’ causes of action in a recast proceeding.
In the absence of the evidence which we require, (the judicial record in this case,) the plaintiffs cannot recover. Neither can we affirm the judgment rendered in favor of the defendants.
It is, therefore, ordered, that the judgment appealed from be reversed, and that plaintiffs’ petition be dismissed, as in case of non-suit, appellees to pay costs of appeal.
Mr. Justice Todd recuses himself, having been of counsel.